BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
HEATHER MARDEL JONES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR ANTHONY NOTTOLI,<br><br>　　　　　　　　Defendant. | CASE NO.  1:14-CR-00097-AWI-BAM<br><br>PRELIMINARY ORDER OF FORFEITURE |

Based upon the plea agreement entered into between United States of America and defendant Victor Anthony Nottoli, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) via 18 U.S.C. § 1956(c)(7)(F) and 18 U.S.C. § 24(a)(2); 21 U.S.C. §§ 334, 853, and 881; 28 U.S.C. § 2461; and Fed. R. Crim. P. 32.2(b)(1), defendant Victor Anthony Nottoli's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

　　　　a. $819,890.00 seized from Citibank Account #40019819131, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

　　　　b. $730,000.00 seized from Metro United Account #760052602, held in the name of Victor A. Nottoli and Jun Wu Living Trust;

　　　　c. $680,000.00 seized from JPMorgan Account #2973285105, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

　　　　d. $488,800.00 seized from Wells Fargo Account #9763356988, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

PRELIMINARY ORDER OF FORFEITURE　　　　　　　　1

e. $150,000.00 seized from HSBC Account #277-46861-2, held in the name of Victor Anthony Nottoli and Jun Wu;

f. $48,061.76 seized from Bank of America Account #164102381136, held in the name of The Only Source Corporation;

g. $40,180.80 seized from Bank of America Account #325012948880, held in the name of Victor A. Nottoli and Jun Wu Living Trust;

h. 108 assorted gift cards with a combine value of approximately $35,833.24 seized from the defendant's residence in Hillsborough, California;

i. $28,196.21 seized from Bank of America Account #383412969, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

j. $9,732.31 seized from Bank of America Account #1269615448, held in the name of BioNaturals, Inc.;

k. $3,400,000.00 in funds received by the United States Treasury/Internal Revenue Service from Zenbio, LLC for the benefit of taxpayer Victor Anthony Nottoli, taxpayer identification number ***-**-9050;

l. $93,123.17 in funds received by Arketektura In-Situ from American Express, subsequently paid by Zenbio, LLC and currently being held on account as an in-store credit by Arkitektura In-Situ for customer Victor Anthony Nottoli;

m. A 2013 Ford F350, Vehicle Identification Number 1FT8W3BT4DEA68451, purchased on April 5, 2013 for $65,226.23, registered to Victor Nottoli;

n. A 2014 27FB Sterling Airstream, Vehicle Identification Number 1STTFYL25EJ528630, purchased on March 30, 2013 for $90,000.00, registered to Victor Nottoli and Jun Wu Living Trust;

o. Any and all drugs, controlled substances and controlled substance analogues and materials, including items used in the manufacturing, packaging, and distribution of said substances, seized by the Drug Enforcement Administration, U.S. Customs and Border Protection, or any other law enforcement agency in connection with the underlying investigation, marijuana, XLR11 or 5FUR144 (raw chemical or finished product), AM-2201, UR-144, packages of Bizarro, Neutronium, Headhunter, Sonic Zero, Posh, packaging material, dried plant material, such as damiana, marshmallow leaves, and mullein, chemicals, such as acetone, and equipment, cement mixers, beakers, scales, respirators, masks, gloves, and drying tables used in the manufacture, packaging, and distribution of smokable synthetic cannabinoid products.  Defendant consent to the destruction of any and all substances, as well as all items used in the manufacturing, packaging, and distribution of said substances, that were seized by the Drug Enforcement Administration, U.S. Customs and Border Protection, or any other law enforcement agency in connection with the underlying investigation.  The defendant further agrees to abandon any interest he has in the described property, and he waives any right to abandonment procedures as described in 41 C.F.R. § 102.41;

2. The above-listed assets facilitated, were involved in, and were proceeds, or were traceable thereto, that the defendant obtained directly or indirectly, as a result of a violation of 18 U.S.C. § 371, 21 U.S.C. §§ 331(a) and 333(a)(2).

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the Department of the Treasury, Internal Revenue Service Criminal Investigations in its secure custody and control.

4. a. Pursuant to 28 U.S.C. § 2461, incorporating 21 U.S.C. § 853(n) and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) via 18 U.S.C. § 1956(c)(7)(F) and 18 U.S.C. § 24(a)(2); 21 U.S.C. §§ 334, 853, and 881; 28 U.S.C. § 2461, in which all interests will be addressed.

6. The government, in its discretion, shall conduct discovery, including written discovery, the taking of depositions, and the issuance of subpoenas, in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED.

Dated:   July 1, 2014              _____
                                    SENIOR  DISTRICT  JUDGE