BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>              v.<br><br>VICTOR ANTHONY NOTTOLI,<br><br>                            Defendant. | CASE NO. 1:14-CR-00097-AWI-BAM<br><br>FINAL ORDER OF FORFEITURE |

1. On July 1, 2014, the Court entered a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest of Defendant Victor Anthony Nottoli (the defendant) in the following property (hereafter, collectively, the "Forfeited Property"):

   a. $819,890.00 seized from Citibank Account #40019819131, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

   b. $730,000.00 seized from Metro United Account #760052602, held in the name of Victor A. Nottoli and Jun Wu Living Trust;

   c. $680,000.00 seized from JPMorgan Account #2973285105, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

   d. $488,800.00 seized from Wells Fargo Account #9763356988, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

   e. $150,000.00 seized from HSBC Account #277-46861-2, held in the name of Victor Anthony Nottoli and Jun Wu;

FINAL ORDER OF FORFEITURE                          1

    f.   $48,061.76 seized from Bank of America Account #164102381136, held in the name of The Only Source Corporation;

    g.   $40,180.80 seized from Bank of America Account #325012948880, held in the name of Victor A. Nottoli and Jun Wu Living Trust;

    h.   108 assorted gift cards with a combine value of approximately $35,833.24 seized from the defendant's residence in Hillsborough, California

    i.   $28,196.21 seized from Bank of America Account #383412969, held in the name of De Zheng Wu with Jun Wu as Power of Attorney;

    j.   $9,732.31 seized from Bank of America Account #1269615448, held in the name of BioNaturals, Inc.;

    k.   $3,400,000.00 in funds received by the United States Treasury/Internal Revenue Service from Zenbio, LLC for the benefit of taxpayer Victor Anthony Nottoli, taxpayer identification number \*\*\*-\*\*-9050;

    l.   $93,123.17 in funds received by Arkitektura In-Situ from American Express, subsequently paid by Zenbio, LLC, and held on account as an in-store credit by Arkitektura In-Situ for customer Victor Anthony Nottoli;

    m.   A 2013 Ford F350, Vehicle Identification Number 1FT8W3BT4DEA68451, purchased on April 5, 2013 for $65,226.23, registered to Victor Nottoli;

    n.   A 2014 27FB Sterling Airstream, Vehicle Identification Number 1STTFYL25EJ528630, purchased on March 30, 2013 for $90,000.00, registered to Victor Nottoli and Jun Wu Living Trust; and

    o.   Any and all drugs, controlled substances and controlled substance analogues and materials, including items used in the manufacturing, packaging, and distribution of said substances, seized by the Drug Enforcement Administration, U.S. Customs and Border Protection, or any other law enforcement agency in connection with the underlying investigation, marijuana, XLR11 or 5FUR144 (raw chemical or finished product), AM-2201, UR-144, packages of Bizarro, Neutronium, Headhunter, Sonic Zero, Posh, packaging material, dried plant material, such as damiana, marshmallow leaves, and mullein, chemicals, such as acetone, and equipment, cement mixers, beakers, scales, respirators, masks, gloves, and drying tables used in the manufacture, packaging, and distribution of smokable synthetic cannabinoid products.

    2.    Although a preliminary order of forfeiture terminates a defendant's interest in property, third parties are entitled separately to assert a legal interest in forfeited property.  See 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), and Local Rule 171.  Thus, the United States published notice to third parties in order to give them the opportunity to assert such a legal interest in

the Forfeited Property.

3.     Beginning on August 19, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the Forfeited Property.  A Declaration of Publication was filed on September 23, 2014. (ECF# 12).

4.     No third party has filed a claim to the Forfeited Property and the time for any person or entity to file a claim has expired.

5.     Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, the preliminary forfeiture order becomes final as to the defendant at sentencing, or before sentencing if the defendant consents.  Fed.R.Crim.Proc. 32.2(b)(4)(A).  Given the defendant's consent, the preliminary forfeiture order shall become final upon entry of this Final Order of Forfeiture.

6.     The United States has agreed not to seek forfeiture of the following property (hereafter, collectively, the "Non-Forfeited Property"):

   a. $275,722.00 in U.S. Currency seized from the defendant's residence in Hillsborough, California;

   b. $300,000.00 in U.S. Currency seized from Bank of America Safe Deposit Box 5961N, held in the name of Victor Nottoli and Jun Wu;

   c. $2,705.00 in U.S. Currency seized from The Stuffed Pipe, 5135 W. Shaw Ave, Fresno, California;

   d. 1 Costco gift card # 6084 5506 4304 7626 $125.95; and

   e. $1,362,050.00 in funds received by United States Treasury/Internal Revenue Service, from Zenbio LLC for the benefit of taxpayer Victor Anthony NOTTOLI, taxpayer identification number ***-**-9050 will be allowed to remain with the United States Treasury/Internal Revenue Service to be applied for the benefit of defendant Nottoli's personal Federal 2013 tax liability.

7.     Additionally, the United States agreed not to seek the seizure of, not to seek the forfeiture of, and not to seek to forfeit as substitute res the following identified forfeitable assets:

    a. The approximately $308,711.17 in Zenbio drug proceeds which were distributed to defendant, his wife Jun Wu, or accounts under their control, but not seized from his bank accounts.  This amount includes, but is not limited to, the $51,824.00 of directly traced Zenbio drug proceeds held in Bank of America Accounts #32512944088 and #325012944880 held in the name of Jun Wu and Gioacchino Muroon Nottoli and Jun Wu and Filanni Coco Nottoli, respectively; and the additional approximately $120,000.00 which was deposited into BioNaturals Bank of America Account ***5448 and which funded the June 2013 purchase of the food truck; and

    b. The approximately $388,225.13 in additional personal items purchased by defendant and/or his wife Jun Wu with the American Express Card and paid for by Zenbio drug proceeds, and of which he enjoyed the benefit.

Accordingly, it is hereby ORDERED that:

8. A Final Order of Forfeiture shall be entered forfeiting to the United States of America all right, title, and interest in the Forfeited Property pursuant to 18 U.S.C. § 981(a)(1)(C) via 18 U.S.C. § 1956(c)(7)(F) and 18 U.S.C. § 24(a)(2); 21 U.S.C. §§ 334, 853, and 881; and 28 U.S.C. § 2461 to be disposed of according to law, including all right, title, and interest of the defendant and potential claimants Victor A. Nottoli and Jun Wu Living Trust, Victor A. Nottoli and June Wu Trust, The Only Source dba The Stuffed Pipe, Zenbio LLC, Bionaturals, Inc., Jun Wu aka Christine Nottoli, and De Zheng Wu.

9. All right, title, and interest in the Forfeited Property shall vest solely in the name of the United States of America.

10. The United States Marshals Service and the Internal Revenue Service – Criminal Investigations shall maintain custody of and control over the Forfeited Property until it is disposed of according to law.

11. The United States shall return the Non-Forfeited Property within 60 days of entry of the Stipulation for Final Order of Forfeiture to the defendant through his counsel of record, Courtney J. Linn, 400 Capitol Mall, Suite 3000, Sacramento, CA 95814.

IT IS SO ORDERED.

Dated:   May 31, 2015                                  _____
                                                                 SENIOR DISTRICT JUDGE